IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. 20-413-1 |
| | : | |
| CHRISTOPHER LAMONT STIMPSON, | : | |
| JR. | : | |

## MEMORANDUM OPINION

Smith, J.                                                                March 15, 2022

A grand jury returned a two-count indictment charging the defendant with robbery which interferes with interstate commerce and unlawfully transporting stolen goods in interstate commerce. These charges relate to accusations that the defendant (and his co-defendant) conducted an armed robbery of five French bulldogs from a home in Lancaster County and transported those bulldogs to North Carolina.

The defendant has filed a motion raising one issue for pretrial review: he argues the court should suppress information obtained from five social media accounts because the warrants permitting a search of the accounts were invalid. For the reasons discussed below, the court will deny the motion to suppress because the warrants, as is required by the Fourth Amendment, were (1) based upon probable cause, (2) supported by a sworn affidavit; and (3) prepared so as to describe with particularity the accounts to be searched.

## I.    PROCEDURAL HISTORY

A grand jury issued an indictment on November 17, 2020, charging the defendant, Christopher Lamont Stimpson, Jr. ("Stimpson"), and his co-defendant, Wilbert Curtis Trey Artis, III ("Artis"), with various offenses. Doc. No. 1. Count One charges both defendants with robbery which interferes with interstate commerce in violation of 18 U.S.C. § 1951(a); Count Two charges

both defendants with unlawfully transporting stolen goods in interstate commerce in violation of 18 U.S.C. § 2314. *See id.*

On November 19, 2021, Stimpson moved to have the court suppress evidence obtained from search and seizure warrants. Doc. No. 53. The government filed a response in opposition thereto on December 31, 2021. Doc. No. 57. On January 24, 2022, the court conducted a hearing on the motion to suppress. At the conclusion of the hearing, the court provided the parties with two weeks to perfect the factual record. The parties did not file any additional submissions so the motion is now ripe for disposition.

## II.    DISCUSSION

### A.    Findings of Fact

The credible evidence offered at the January 24, 2022 suppression hearing establishes the following facts:

1.    The FBI executed search and seizure warrants for seven social media accounts: (1) Facebook account for Elite-Body-Kennels; (2) Facebook account for Elite-Frenchies; (3) Facebook account for chris.stimpson.96; (4) Facebook User ID/URL: 100011014774891; (5) Instagram account for elitebodykennels; (6) Instagram account for elite.bodyy.frenchiesss; and (7) Instagram Account for youngbossstimp. Def.'s Mot. and Mem. of Law to Suppress Physical Evidence ("Def.'s Mot."), Exs. 1–7.

2.    A single affidavit in support of an application for a search warrant was used for all seven search and seizure warrants. *Id.*, Ex. 8.

### B.    Burden of Proof

In general, "the burden of proof is on the defendant who seeks to suppress evidence. However, once the defendant has established a basis for his motion, *i.e.*, the search or seizure was

conducted without a warrant, the burden shifts to the government to show that the search or seizure was reasonable." *United States v. Johnson*, 63 F.3d 242, 245 (3d Cir. 1995) (internal citation omitted). The applicable burden is proof by a preponderance of the evidence. *See United States v. Matlock*, 415 U.S. 164, 178 n.14 (1974) ("[T]he controlling burden of proof at suppression hearings should impose no greater burden than proof by a preponderance of the evidence." (citing *Lego v. Twomey*, 404 U.S. 477, 488–89 (1972)).

## C.    Analysis

In the motion to suppress, Stimpson seeks to have the court suppress any information that law enforcement obtained during the search of five of the accounts: (a) Facebook account for Elite-Body-Kennels; (b) Facebook account for Elite-Frenchies; (c) Facebook account for chris.stimpson.96; (d) Facebook User ID/URL: 100011014774891; and (e) Instagram account for youngbossstimp. Def.'s Mot. at 8. He contends the common affidavit in support of the search warrants failed to state probable cause to support a search of the five social media accounts at issue because even though the FBI had received information that the allegedly stolen dogs were shown on Instagram accounts elitebodykennels and elite.bodyy.frenchiesss, "[n]o other information was provided that evidence of criminal activity would be found on the other five (5) Facebook and Instagram Accounts that were the subject of the Search and Seizure Warrants." *Id.* Stimpson also argues that the common affidavit failed to particularize the accounts to be searched insofar as only three of the 17 separate items to be seized limited the time of the search from October 15, 2020 through the signature date of the warrant. *See id.* at 7. Thus, he asserts that "the lack of time constraints fails the particularized requirement under the Fourth Amendment." *Id.* at 7–8.

In response, the government argues the warrants were (1) based on ample probable cause; (2) reviewed and approved by an Assistant United States Attorney, sworn by a federal law

enforcement officer, and approved and issued by a United States Magistrate Judge; and (3) prepared to describe the place to be searched and items to be seized with particularity. Gov't's Resp. to Def.'s Mot. ("Gov't Resp.") at 6–7.

The parties' arguments here regarding the search warrant implicate the Fourth Amendment. The Fourth Amendment requires that a warrant (1) be based upon probable cause; (2) be supported by a sworn affidavit; and (3) describe with the particularity the place to be searched and the persons or things to be seized. *See Groh v. Ramirez*, 540 U.S. 551, 557 (2004) (explaining requirements under Fourth Amendment for a valid search warrant). In this case, prong two is not in dispute; the parties agree the warrants were supported by a sworn affidavit. At issue is whether the warrants provided sufficient (1) probable cause in support of searching the social media accounts and (2) particularity as to the accounts to be searched. The court addresses each of these issues in turn.

### 1.     Probable Cause

The Fourth Amendment requires that a search warrant be supported by probable cause, and "[e]vidence seized pursuant to a search warrant that is not so supported may be suppressed." *United States v. Vosburgh*, 602 F.3d 512, 525 (3d Cir. 2010) (citation omitted). "Probable cause" means "more than bare suspicion." *Brinegar v. United States*, 338 U.S. 160, 175 (1949). It exists where "the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that" an offense has been committed. *Carroll v. United States*, 267 U.S. 132, 162 (1925). The reviewing court's duty is simply to ensure "the magistrate had a 'substantial basis for … concluding' that probable cause existed." *Illinois v. Gates*, 462 U.S. 213, 238–39 (1983) (quoting *Jones v. United States*, 362 U.S. 257, 271 (1960), *overruled on other grounds by United States v. Salvucci*, 448 U.S. 83, 85 (1980)). Direct evidence linking the thing to be searched to the crime is

not required for the issuance of a search warrant. *See United States v. Hodge*, 246 F.3d 301, 305 (3d Cir. 2001) (citing *United States v. Conley*, 4 F.3d 1200, 1207 (3d Cir. 1993)).

The search warrants in this case were amply supported by probable cause in the common affidavit that Stimpson challenges. The Federal Bureau of Investigations ("FBI") received information that a private citizen saw the allegedly stolen puppies on Instagram accounts known as "Elite Body Frenchies" and "Elite Body Kennels." Def.'s Mot. at 8; Gov't's Resp. at 8. The search warrants for these accounts are not at issue. However, additional investigation by FBI Task Force Officer, Kenneth E. Lockhart, Jr., revealed five other social media accounts registered to Stimpson. Def.'s Mot. at 3; Gov't's Resp. at 8. While direct evidence did not link these accounts to the crime, direct evidence is not required to support a finding of probable cause. The other accounts either reference "Frenchies" or kennels (Stimpson's supposed business), or Stimpson's name. It was reasonable for the reviewing magistrate judge to conclude the additional accounts were connected to the criminal activity. Therefore, the affidavit set forth sufficient information to suggest these additional five accounts contained information that demonstrated the possession of stolen puppies.

## 2.      Particularity

The Fourth Amendment provides that "warrants must 'particularly describ[e] the place to be searched and the persons or things to be seized." *United States v. Yusuf*, 461 F.3d 374, 393 (3d Cir. 2006) (alteration in original) (quoting U.S. Const. amend. IV). An insufficiently particular, or "general," warrant provides "the executing officer[] with unbridled discretion to conduct an exploratory rummaging through [the defendant's] papers in search of criminal evidence." *United States v. Christine*, 687 F.2d 749, 753 (3d Cir. 1982). "[T]he absence from the warrant of a provision limiting the search and seizure to documents pertaining to the time period of the scheme

[does] not make the warrant 'so facially deficient' 'as to render official belief in its [legality] entirely unreasonable.'" *United States v. Ninety-Two Thousand Four Hundred Twenty-Two Dollars & Fifty-Seven Cents ($92,422.57)*, 307 F.3d 137, 151 (3d Cir. 2002) (quoting *United States v. Hodge*, 246 F.3d 301, 306 (3d Cir. 2001)).

Here, the warrants clearly identified that law enforcement could search for and seize information and evidence relating to the armed robbery of the puppy breeder. These warrants did not permit "exploratory rummaging" of Stimpson's social media accounts. Instead, they explicitly permitted law enforcement to search for and seize information and evidence related to the armed puppy robbery and ownership/control of each social media account. The absence of a limiting timeframe for each social media account does not invalidate the warrants.

### III.   CONCLUSION

As explained above, the search warrants Stimpson seeks to suppress provide sufficient probable cause and particularity. Therefore, the court will deny Stimpson's motion to suppress physical evidence.

A separate order follows.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.